UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Trustees of the Detroit Carpenters
Fringe Benefit Funds,**

        **Plaintiffs,**            **Civil Action No.: 12-CV-10987**

    vs.                        **District Judge Marianne O. Battani**

                                  **Magistrate Judge Mona K. Majzoub**

**Patrie Construction Co, a Michigan
corporation, Francesco Woodwork,
Inc., a Michigan corporation, and
Andrea M. Bercich, an individual,
jointly and severally,**

        **Defendants.**

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [13]

This matter comes before the Court on Defendant Francesco Woodwork, Inc.'s Motion for Protective Order. (Docket no. 13). Plaintiffs filed their response (docket no. 16), and Defendant filed a reply (docket no. 17). The motion was referred to the undersigned for decision. (Docket no. 14.) The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Background**

In 1968, Defendant Bercich's husband opened Defendant Patrie Construction, Co., and in 1991, he opened Defendant Francesco Woodwork, Inc. (Docket no. 13 at 4.) Patrie is a union carpentry shop, and Francesco is a non-union millwright that conducts in-house materials

1

fabrication. (*Id.* at 3-4.) Mr. Bercich ran both companies, and upon his passing in 2007, he left both companies to his wife; she currently runs the companies but is in the process of winding them up as they are no longer economically viable. (*Id.* at 4.)

On March 5, 2012, after being informed that the businesses were winding up, Plaintiffs filed the instant complaint alleging that Defendants violated the Labor and Management Relations Act (LMRA), 29 U.S.C. § 185, and the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1132. (Docket no. 16 at 2.) Plaintiffs claim that Defendants breached the Collective Bargaining Agreement ("CBA") entered into between the Construction Association of Michigan and the Michigan Regional Council of Carpenters when they failed to make certain fringe-benefit contributions as required. (*Id.*) Plaintiffs acknowledge that Patrie is the only Defendant that is a party to the CBA, but they contend that Patrie and Francesco are alter-egos of one another; thus, they are jointly and severally liable for Patrie's failure to make the required contributions. (*Id.*) Defendants assert that Patrie and Francesco are–and always have been–"separate and distinct entities with different business purposes and methods of operation." (Docket no. 17 at 3.)

On May 16, 2012, Plaintiffs served Defendant Francesco with Plaintiffs Request for Admissions, First Set of Interrogatories, and Request for Production of Documents. (Docket no. 16-2.) Defendant answered several of the interrogatories but refused to answer any of the questions related to Francesco's construction contracts or its financial affairs; Defendant also refused to provide any of Francesco's books, records, or other documents as requested by Plaintiffs. (Docket no. 16-3.) Instead, Francesco objected to the production as irrelevant and unduly burdensome because (1) Plaintiffs had audited Patrie in February 2012 and (according to Defendants) found no wrongdoing; and (2) Francesco and Patrie were separate entities, so Francesco was under no

obligation to make contribution payments as it was not a party to the CBA. (*See id.*) Francesco then filed its Motion for Protective Order.

## II. Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed.R.Civ.P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the

discovery sought and cannot rely on conclusory statements. *Id.*

### III. Analysis

Defendant argues that there is good cause for the Court to issue a protective order barring Plaintiffs from obtaining Francesco's books and records because Plaintiffs have not provided "'reasonable grounds to support [their] allegations of liability, and . . . discovery costs faced by [D]efendant are substantial.'" (Docket no. 13 at 8 (citing *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 432 (E.D. Mich 1997)).) In support of this argument, Defendant claims that Plaintiffs' audit of Patrie in February 2012 uncovered no wrongdoing and that the facts (as set forth in Defendant Bercich's affidavit, which Defendant attached to its discovery response) support a conclusion that Patrie and Francesco are entirely separate entities. *Id.* at 13-14. Therefore, Defendant concludes, Plaintiffs have not met their burden under *Isaac* of showing sufficient support for their allegations so as to justify the expense imposed on Defendant, particularly in light of Defendant's current financial state. (*Id.* at 13-14.)

Defendant's reliance on *Isaac*, however, is misplaced. The *Isaac* court specifically noted that the "ruling [was] not intended necessarily to deny discovery such as that relating to [more narrow issues that the plaintiff may have been able to support]." *Isaac*, 83 F.R.D. at 432. Importantly, the Court issued its ruling based, in part, on the plaintiff's lack of knowledge regarding any wrongdoing by the defendant: "[T]he plaintiff admits his ignorance of the chemicals and processes used by [the defendant]. In other words, plaintiff has not demonstrated a reasonable basis for his allegations that [the defendant] is, in some way, liable to him." *Id.* at 431-32. Moreover, as Defendant acknowledges, "'[G]ood cause is not established Solely (sic) by showing that discovery may involve inconvenience and expense.'" (Docket no. 13 at 7 (quoting *Isaac*, 83 F.R.D. at 431

4

(citing *U.S. v. American Optical Co.*, 39 F.R.D. 580 (N.D. Cal. 1966))).) And in *Isaac*, the defendant provided the court with specific facts related to its injury: "[I]f its motion for a protective order is denied, [defendant] faces expenditures in excess of $17,000, and estimates its total cost of $50,000." *Isaac*, 83 F.R.D. at 432.

Unlike the plaintiff in *Isaac*, Plaintiffs here specify that Patrie and Francesco "have similar ownership" and that they "shared employees, address, jobs, and equipment."[1] (Docket no. 16 at 5.) Plaintiffs have not admitted their ignorance of the facts supporting their claims. And unlike the defendant in *Isaac*, Defendant here provides nothing more than its bare assertions that "preparing the documentation requested would be extreme, especially for a company which is in the process of winding down and ceasing operation" and that Plaintiff will "incur significant expenses as it will be forced to hire an accountant to organize its books and records for inspection, cooperate during the inspection, etc." (Docket no. 13 at 8-9; docket no. 17 at 5.

Further, Plaintiffs direct the Court to *Florida Carpenters Regional Council Training Trust Fund v. The Colasanti Group, Inc.*, No. 07-13501 (E.D. Mich, June 6, 2008) (Komives, M.J.) (hereinafter "*Florida Carpenters*"), which is strikingly similar to the matter at hand. In *Florida Carpenters*, the plaintiff alleged that the four defendants had failed to make contributions to the plaintiff's fund and that the defendants were merely alter-egos of one another. *Id.* at 1-2. Faced with a motion to compel discovery, Magistrate Judge Komives found that the issue at hand was not

---

[1] Plaintiffs claim that they can support this assertion through discovery responses but provide no citation to such support. (Docket no. 16 at 5.) Defendant's responses to Plaintiffs discovery requests do suggest that a few Patrie employees moved to Francesco when Patrie closed at the end of 2011. (*See* docket no. 16-3 at 11.) Defendant contends that these allegations are entirely false and offers Defendant Bercich's affidavit in support. (Docket no. 17 at 2-5.) This is an issue of fact that the Court need not decide to issue a ruling on the instant Motion.

5

whether the defendants were, in fact, alter-egos of one another but whether the requested information was relevant to the plaintiff's claims. *Id.* at 2-3. That determination was driven by whether the information would show whether "'the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision and ownership.'" *Id.* at 3 (quoting *National Labor Relations Bd. v. Allcoast Transfer, Inc.*, 780 F.2d 576, 579 (6th Cir. 1986.)). The court granted the plaintiff's motion to compel.[2] *Id.* at 5.

Here, as in *Florida Carpenters*, the issue is whether Plaintiffs' discovery requests are relevant. Regardless of whether Plaintiffs are correct in their interpretation of the facts at issue, the Court finds that the information Plaintiffs seek will show whether "the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision and ownership," and as such, Plaintiff's requests are reasonably calculated to lead to the discovery of admissible evidence. Therefore, because the information requested is relevant to Plaintiffs' claims of alter ego, and because Defendant has not provided specific facts showing clearly defined and serious injury resulting from the discovery sought, Defendant has not met its burden of showing good cause for the Court to issue a protective order barring production of Francesco's corporate books and records.

Nevertheless, the Court is aware of the practical realities involved in such document production for a company in the process of winding down its business affairs, and even when a

---

[2]In *Florida Carpenters*, the plaintiff had originally requested all of the defendant's corporate documentation, regardless of where the work had been performed. On the defendant's objection, the district judge adopted Magistrate Judge Komives's Order but modified it to limit the defendant's production to those documents related to its Florida- and Michigan-based business under Rule 26(b)(2)(c)(iii). *Florida Carpenters Regional Council Training Trust Fund v. The Colasanti Group, Inc.*, No. 07-13501 (E.D. Mich, Sept. 10, 2008) (Battani, J.).

protective order is denied, the court may issue an order permitting discovery "on just terms." Fed.R.Civ.P. 26(c)(2). Moreover, Plaintiffs appear to understand this reality as well in that they offer to "bear any cost to copy the Defendants' records." (Docket no. 16 at 5.) Therefore, the Court will deny Defendant's Motion for Protective Order but will further order Plaintiffs to bear the cost of copying Defendant's records.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's must provide complete responses to Plaintiffs' Request for Admissions, First Set of Interrogatories, and Request for Production of Documents no later than November 16, 2012.

**IT IS FURTHER ORDERED** that Plaintiffs must reimburse Defendant for the cost of copying any documents in response to such discovery requests within 14 days of Defendant's production of said documents..

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  October 16, 2012           s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 16, 2012        s/ Lisa C. Bartlett
                               Case Manager