**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT
FUNDS,

                Plaintiffs,

                                      CASE NO. 2:12-cv-10987

v.

                                        HON. MARIANNE O. BATTANI

PATRIE CONSTRUCTION CO.,
FRANCESCO WOODWORK, INC., and
ANDREA M. BERCICH,

                Defendants.

_____/

## <u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>

This matter is before the Court on Defendants Patrie Construction Company, Francesco Woodwork, Inc., and Andrea Bercich's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Plaintiffs, Detroit Carpenters Fringe Benefits Funds, brought the instant action alleging Defendants Patrie and Francesco operated collectively in an effort to avoid Patrie's financial obligations to the funds pursuant to the Collective Bargaining Agreement ("CBA").   Plaintiffs assert the companies are alter egos of one another, and thus both companies must contribute to the funds.   For the reasons stated below, Defendants' motion is **GRANTED**.

## I.      STATEMENT OF FACTS

Plaintiffs, Detroit Carpenters Fringe Benefits Funds, are a voluntary association of several funds established under the Labor Management Relations Act of 1947 ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendant Patrie Construction Co. ("Patrie") was incorporated in 1968 and is in the business of general construction.   Incorporated in April 1992, Defendant Francesco Woodwork, Inc. ("Francesco") is in the business of producing and supplying millwright goods.   Defendant Andrea Bercich is involved in the daily operation of Francesco and became the 100% owner subsequent to the death of her husband in late 2007.   She also acquired his stock in Patrie and was gifted the remaining stock during 2008-2010 to acquire 100% ownership.

On October 28, 1992, Patrie entered into a CBA with the Michigan Regional Council of Carpenters.   The CBA requires payment of fringe benefits for work involving "the milling, fashioning, joining, assembling, erecting, fastening, or dismantling of all material of wood, plastic, metal, fiber, cork, or composition."   Plaintiffs assert that Patrie and Francesco share the same management, business purpose, operating facility, work on the same projects, share equipment, and service the same customers, and thus are essentially the same entity.   Defendants maintain that although the companies are owned by the same individual, they are distinct entities engaged in different trades. Defendants claim Patrie is a general construction contractor and Francesco is a supplier of millwork.

Plaintiffs filed the instant action on March 5, 2012 alleging three counts: (1) request for an audit of Defendants Patrie and Francesco's records and payment of benefits due under ERISA, (2) violation of Michigan Builders' Trust Fund Act ("MBTFA"), and (3) breach of fiduciary duty under ERISA.   The Court granted Defendants' first motion to dismiss without prejudice, but permitted Plaintiffs to amend the complaint to more definitively allege facts regarding the statute of limitations issue.   Plaintiffs filed

their amended complaint on May 30, 2013.  Soon thereafter, Defendants filed their second motion to dismiss arguing that Plaintiffs' claims are barred by the statute of limitations and fail to state a claim upon which relief may be granted.  Subsequent to Defendants' motion, Plaintiffs filed a motion to compel discovery.  Defendants then filed a motion to stay discovery until resolution of their motion to dismiss.  In a telephone conference, the Court denied both motions, noting that it would not consider Defendants' alternate prayer of relief for summary judgment as discovery is pending.

## II.   STANDARD OF REVIEW

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if "'it fails to give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  A complaint need not contain detailed factual allegations, but it must include more than labels and legal conclusions.  Id. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  If the complaint contains well-pleaded factual allegations, the court must assume their veracity; but it need not assume the truth of bare legal conclusions.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   ANALYSIS

In order for Plaintiffs' claims to survive the motion to dismiss, the Amended Complaint must plausibly allege that Patrie and Francesco engaged in a double breasted operation to avoid Patrie's obligations under the CBA.   In other words, Patrie operated Francesco to perform nonunion work covered by the CBA, usually performed by Patrie employees, so that Patrie could avoid contributing to the benefit funds.   This is equally applicable to Plaintiffs' MBTFA claim, as a failure to establish a double breasted operation undermines any duty on the part of Bercich to contribute to the funds on behalf of Francesco employees.   The Court notes that it broadly ruled Plaintiffs properly alleged their MBTFA claim in a prior order.   See (ECF No. 46).   However, the Court's order only applies to the extent that MBTFA claims apply in the ERISA context.   The Court had yet to decide whether Plaintiffs properly alleged their ERISA claims, upon which the MBTFA claim necessarily depends.

In the Amended Complaint, Plaintiffs allege, in relevant part:

4.     Patrie Construction Co., and Francesco Woodwork, Inc. share management.

5.     Patrie Construction Co., and Francesco Woodwork, Inc. share equipment.

6.     Patrie Construction Co., and Francesco Woodwork, Inc. share facilities.

7.     Patrie Construction Co., and Francesco Woodwork, Inc. share employees.

8.     Patrie Construction Co., and Francesco Woodwork, Inc. share customers.

4

9.     Patrie Construction Co., and Francesco Woodwork, Inc. share owners.

10.    Patrie Construction Co., and Francesco Woodwork, Inc., are both engaged in the commercial carpentry business.

11.    For all relevant purposes, Patrie Construction Co., and Francesco Woodwork, Inc., are one and the same, constituting a single employer, with each being the alter ego of each other.

19.    Plaintiffs became aware that Patrie Construction Company was operating an alter ego operation with Francesco Woodwork, Inc., in violation of ERISA and its collective bargaining agreements with the Union, on the White Lake Rehab Center in December of 2011, (the "White Lake Project").

20.    Plaintiffs became aware that Patrie Construction Company was operating an alter ego operation with Francesco Woodwork, Inc., to evade its fringe benefit obligations under its collective bargaining agreements with the Union in December of 2011, in violation of ERISA and its collective bargaining agreements with the Union.

21.    Plaintiffs became aware that employees of Patrie Construction Company were performing covered carpentry work on jobs as employees of Francesco Woodwork, Inc., on Patrie Construction Company jobs at the direction of Patrie Construction Company in December of 2011, to allow Patrie Construction Company to avoid paying fringe benefits to the Plaintiffs for all covered carpentry work performed pursuant to Patrie Construction Company's collective bargaining agreements with the Union, in violation of ERISA and its collective bargaining agreements with the Union.

22.    Plaintiffs became aware in December of 2011, that Patrie Construction Company was subcontracting covered carpentry work on jobs, including the White Lake Project, to non-union carpentry contractors to avoid paying fringe benefits to the Plaintiffs for covered work performed by the non-union sub-contractors in violation of Patrie Construction Company's collective bargaining agreements with the Union, in violation of ERISA.

(Pl.s' Amend. Compl. ¶¶ 4-11, 19-22, ECF No. 47).  Plaintiffs assert these allegations are sufficient under Twombly.  In contrast, Defendants argue these allegations merely recite the elements of Plaintiffs claims and lack any factual support.

The alter ego or "double breasted operation" doctrine binds union employers who operate a separate nonunion business to avoid their obligations under an existing CBA. See NLRB v. Fullerton Transfer & Storage, 910 F.2d 331, 336 (6th Cir. 1990). In this instance, the two businesses "are in fact one business, separated only by corporate form." Id. The test is "whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision, and ownership." Id. In addition, an employer is a fiduciary of an ERISA-established benefit fund to the extent that she "exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). A fiduciary becomes personally liable for breach of her obligations for failing to pay fringe benefits when they become due. 29 U.S.C. § 1109(a).

Here, Plaintiffs allegations merely recite the bare elements of the ERISA claims. The Complaint contains five paragraphs that essentially reiterate the same legal conclusion: that Patrie and Francesco operate to as alter egos to avoid their obligations under the CBA. See (Pl.'s Amend. Compl. at ¶ 11, 19-22). The Court is not required to accept these legal conclusions and declines to do so. In addition, Plaintiffs fail to allege any facts regarding what information Plaintiffs obtained to alert them that Patrie was avoiding financial obligations though the operation of Francesco. There are no allegations regarding specific employees who worked for both companies, dates, times, covered work performed by Francesco employees, or any factual allegations relating to the alleged illegal operation of Francesco. A reading the entirety of the allegations fails to raise any inference that Patrie and Francesco operated as alter ego companies in violation of the CBA.

6

Moreover, the allegations merely raise the possibility of misconduct, failing to tip the scale to plausibility.  See Iqbal, 556 U.S. at 678.  Plaintiffs merely recite the elements of their claims and provide the Court with nothing more than legal conclusions unsupported by any factual content.  This falls far short of the standard required under Fed. R. Civ. P. 8(a).  See Metal Lathers Local 46 Pension Fund v. River Ave. Contracting, 2013 WL 3791409 at *5 (S.D.N.Y. July 22, 2013) (holding that fund adequately alleged alter ego claims where allegations were "extensive regarding the connections among [the companies]" and contained detailed factual allegations underlying the connections).  Notwithstanding the Plaintiffs' failure to support their allegations with any facts, there is no allegation that Patrie possessed any motivation to violate its agreement with the Union or engaged in any action to conceal any alleged attempt to violate the CBA, which could potentially raise an inference of improper conduct.  See Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010) (holding that "anti-union animus or an intent to evade union obligations is not a necessary factor" but may be a "sufficient basis to impose alter ego status").  Although Plaintiffs are not required to provide overly detailed allegations, a recitation of the bare elements of their claims along with legal conclusions mandates dismissal of the Amended Complaint.  See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## IV.   CONCLUSION

Accordingly, Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

7

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE:  October 3, 2013

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager

8